```
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WILLIE L. BURRUS,              )  CIVIL NO. 17-00381 HG-KSC
                               )
        Plaintiff,             )  FINDINGS AND RECOMMENDATION TO
                               )  DISMISS THE COMPLAINT AND DENY
    vs.                        )  THE APPLICATION TO PROCEED IN
                               )  FORMA PAUPERIS
ROSE AGUNDA,                   )
                               )
        Defendant.             )
_____)
```

FINDINGS AND RECOMMENDATION TO
DISMISS THE COMPLAINT AND DENY THE
APPLICATION TO PROCEED IN FORMA PAUPERIS

On August 3, 2017, Plaintiff Willie Burrus ("Plaintiff"), proceeding pro se, commenced the instant action. Plaintiff also filed an Application to Proceed In Forma Pauperis ("IFP Application" or "Application").

DISCUSSION

Plaintiff requests that the Court permit him to proceed *in forma pauperis*. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted). However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the

complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). A complaint is frivolous if "it has no arguable substance of law or fact." Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370. Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Tripati, 821 F.2d 1370 (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

In the present case, even construing Plaintiff's Complaint liberally, <u>Bernhardt v. Los Angeles County</u>, 339 F.3d 920, 925 (9th Cir. 2003); <u>Jackson v. Carey</u>, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal with leave to amend is appropriate because the Complaint fails to state a claim upon which relief can be granted.  Federal Rule of Civil Procedure ("FRCP") 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Cmty. Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  "The Federal Rules require that averments 'be simple, concise and direct.'" <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996).

FRCP 8 does not demand detailed factual allegations.  However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u>  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Id.</u> (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

As an initial matter, the Court notes that Plaintiff has not identified a jurisdictional basis for this case. Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."). Without a proper jurisdictional basis, this case must be dismissed. Indeed, the Complaint is in actuality a letter directed to Defendant Rose Agunda and contains no identifiable cause(s) of action. Plaintiff has not articulated a claim, nor has he set forth legal or factual bases to support a viable claim. The Court therefore recommends that the Complaint be dismissed pursuant to 28 U.S.C. § 1915. Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327). Because Plaintiff is proceeding pro se, and it is not clear that the deficiencies could not be cured by amendment, the Court recommends that the dismissal be without prejudice and that Plaintiff be allowed to amend his Complaint.

Even if the Court was not recommending dismissal, it would be unable to properly assess Plaintiff's IFP Application because the Application is incomplete. Plaintiff represents that his gross/take-home pay or wages total $2,700, but he did not

identify the pay period, as required by the Application. IFP Application at ¶ 2. In addition, Plaintiff indicated that in the past 12 months, he has received rent payments, interest, or dividends, and pension, annuity, or life insurance payments, but he failed to: describe each source of money, the amounts received, or disclose whether he expects to receive future income. Id. at ¶ 3. Without a complete and accurate picture of Plaintiff's financial situation, the Court cannot determine whether it is appropriate to waive payment of the filing fee.[1] For these reasons, the IFP Application should be DENIED WITHOUT PREJUDICE.

If Plaintiff elects to file an amended complaint, he should do so by **September 25, 2017.** Any amended complaint must comply with FRCP 8, must assert a jurisdictional basis, and must set forth causes of action. Plaintiff is advised that Local Rule 10.3 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." Local Rule 10.3. As a general rule, an

---

[1] Based on the information presently before the Court, however, it is unlikely Plaintiff will qualify for relief. If $2,700 reflects Plaintiff's monthly wages, his income far exceeds the poverty guideline for a single-person household in Hawaii, which is currently $13,860.00. Annual Update of the HHS Poverty Guidelines, 82 Fed. Reg. 8831-03 (Jan. 31, 2017). When coupled with Plaintiff's identified assets and additional income, he could not reasonably establish that he is unable to pay the filing fee.

amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, if Plaintiff files an amended complaint, the Complaint no longer serves any function in the case.

CONCLUSION

In accordance with the foregoing, the Court makes the following recommendations:

1) the Complaint be DISMISSED with leave to amend;

2) Plaintiff be GRANTED until **September 25, 2017**, to file an amended complaint curing the deficiencies identified above;

3) Plaintiff be instructed to title his amended pleading "First Amended Complaint";

4) the IFP Application be DENIED;

5) Plaintiff be directed to file an IFP Application or pay the requisite filing fee by **September 25, 2017**; and

6) Plaintiff be cautioned that failure to timely file an amended complaint that cures the deficiencies identified above, along with the requisite filing fee or another IFP Application, will result in the dismissal of the action.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, August 10, 2017.



Kevin S.C. Chang
United States Magistrate Judge

CV 17-00381 HG-KSC; Burrus v. Agunda; FINDINGS AND RECOMMENDATION TO DISMISS THE COMPLAINT AND DENY THE APPLICATION TO PROCEED IN FORMA PAUPERIS